IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Sabrina Joye,<br><br>                          Plaintiff,<br><br>        v.<br><br>Beaufort County Sheriff's Office;<br>Beaufort County Detention Center;<br>Southern Health Partners, Inc.;<br>Nurse Smith; and John/Jane Doe,<br>*a generic classification for individuals*<br>*or entities whose identities are*<br>*presently unknown*,<br><br>                        Defendants. | Civil Action No.9:14-cv-3114-DCN-WWD<br><br>**REPORT AND RECOMMENDATION**<br>**OF MAGISTRATE JUDGE** |

The instant matter was removed from the Beaufort County Court of Common Pleas on August 1, 2014. (See Dkt. No. 1.) In the Notice of Removal, the removing Defendants stated that removal was proper because Plaintiff's "First and Second causes of action are entitled (42 U.S.C. § 1983) and (42 U.S.C. § 1985) and enumerate . . . allegations of violation of federal constitutional provisions." (Dkt. No. 1 at 2 of 3.)

On September 16, 2014, Plaintiff filed a Motion to Amend her Complaint and a Motion to Remand. (See Dkt. No. 18.) In her Motion to Amend, Plaintiff stated that she sought to "amend her Complaint to withdraw all federally based causes of action." (Dkt. No. 18 at 1.) Defendants did not object to the amendment. (See Dkt. No. 22; Dkt. No. 28.) Accordingly, Plaintiff's Motion to Amend (Dkt. No. 18) was granted on October 20, 2014. (Dkt. No. 29.) The Order allowing amendment indicated that Plaintiff's request to remand the case would be addressed after the Amended Complaint was filed. (See Dkt. No. 29.)

Plaintiff filed an Amended Complaint on October 21, 2014. (Dkt. No. 31.) Plaintiff's Amended Complaint omitted the claims pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985. (See generally Dkt. No. 31.) Only state-law claims remain. (Id.)

Because Plaintiff's Amended Complaint states no federal cause of action, the undersigned recommends granting Plaintiff's Motion to Remand (Dkt. No. 18.) Defendants have not opposed Plaintiff's request. (See Dkt. No. 22 at 2; Dkt. No. 28.) Pursuant to 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction "if the district court has dismissed all claims over which it has original jurisdiction." In Harless v. CSX Hotels, Inc., 389 F.3d 444 (4th Cir. 2004), the Fourth Circuit upheld a district court's order granting a plaintiff's motion to amend the complaint to remove federal issues and to remand the remaining claims to state court. The Fourth Circuit affirmed the district court's finding that the plaintiff acted in good faith because "[w]hile [the plaintiff] clearly wanted to avoid federal jurisdiction, she also had substantive reasons for amending the pleadings." Harless, 389 F.3d at 448.

In the instant case, the Plaintiff filed the Motion to Remand shortly after removal, and she asserts numerous reasons for requesting a remand. (See Dkt. No. 18; Dkt. No. 18-1 at 5-7 of 13.) Accordingly, the undersigned recommends granting Plaintiff's Motion to Remand (Dkt. No. 18). See United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."); United States ex rel. Scott v. Metropolitan Health Corp., 375 F.Supp.2d 626, 647 (W.D. Mich. 2005) ("[T]he strong federal custom . . . has been to dismiss those claims in order to permit state courts to decide their own law, as is their prerogative."); see also AJP Group, Inc. v. Holmes, Civ. A. No. 4:13-cv-00611, 2013 WL 3148416, at *2 (D.S.C. June 18, 2013) ("Given that Plaintiff's Amended Complaint states no federal cause of action, the Court finds that the case should be remanded."); Morris v. Joe Gibson Automotive, Inc., Civ. A. No. 7:08-1739-HMH, 2008 WL 2705000 (D.S.C. July 9, 2008) (granting the plaintiff's motion to amend to remove the sole federal claim, and granting the plaintiff's motion to remand).

2

## **CONCLUSION**

It is therefore RECOMMENDED, for the foregoing reasons, that Plaintiff's Motion to Remand (Dkt. No. 18) be GRANTED and that this action be REMANDED to the Court of Common Pleas for Beaufort County, South Carolina.

IT IS SO RECOMMENDED.

_____
WALLACE W. DIXON
UNITED STATES MAGISTRATE JUDGE

December 5, 2014
Charleston, South Carolina

**The parties' attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>  **Robin L. Blume, Clerk**
>  **United States District Court**
>  **Post Office Box 835**
>  **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).